# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| In the Matter of the Detention of A.O. | No. 80099-0-I |
| | DIVISION ONE |
| | UNPUBLISHED OPINION |
| | FILED: September 30, 2019 |

LEACH, J. — A.O. appeals a trial court's 90-day involuntary commitment order. She challenges the trial court's determination that clear, cogent, and convincing evidence establishes that A.O. is gravely disabled. Because sufficient evidence supports the trial court finding of grave disability, we affirm.

## BACKGROUND

A Pierce County Superior Court judge dismissed a felony charge against A.O. after finding her incompetent to stand trial. The court committed A.O. to the state hospital for a civil commitment evaluation under RCW 71.05. After this initial evaluation, Dr. Janene Dorio, PsyD, and Dr. Glenn Morrison, DO, of Western State Hospital, petitioned the court for a 180-day involuntary treatment. They filed a supporting declaration stating that A.O. could not care for herself and that there was insufficient care in the community to meet her needs.

On December 19, 2017, a commissioner held an evidentiary hearing on the petition. Dr. Dorio testified that A.O. received one-to-one monitoring while at the hospital, with the monitor ordered to be within arm's reach at all times. Additionally, Dr. Dorio testified that A.O. needed a level of care beyond what a family member or layperson could provide.

The commissioner signed findings of fact, conclusions of law, and an order committing A.O. for up to 90 days of involuntary treatment at the evidentiary hearing. The findings state that A.O. is gravely disabled and "as a result of a mental disorder manifest[ed] severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over actions, [was] not receiving such care as is essential for health and safety."

A.O. asked the trial court to revise the commissioner's order. She claimed that the State failed to produce any evidence that she manifested a severe deterioration in her routine functioning evidenced by repeated and escalating loss or that she was in danger of serious physical harm resulting from a failure to provide for her essential human needs of health or safety.

The trial court denied A.O.'s revision request. It explained that A.O. met the two-part test for grave disability. A.O. satisfied the test's first part because she experienced "severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over . . . her actions." The court continued that under the test's second part, A.O. would not

receive "such care as is essential for . . . her health or safety" at home until needed services were in place.

A.O. appeals.

## ANALYSIS

A.O. challenges the sufficiency of the State's evidence to prove that she is gravely disabled under former RCW 71.05.020(17) (2016).[1] Specifically, she challenges a finding stating that she was "gravely disabled" under part (b) of former 71.05.020(17).

This court reviews a trial court's decision to order involuntary commitment for psychological treatment to see if substantial evidence supports the court's findings and whether its findings support its legal conclusions.[2] The State is required to prove the requirements for involuntary commitment by clear, cogent, and convincing evidence.[3] We do "not disturb the trial court's findings of 'grave disability' if supported by substantial evidence which the lower court could reasonably have found to be clear, cogent and convincing."[4]

A court may involuntarily commit a person to 90 days of mental health treatment if it finds that the individual is gravely disabled under RCW 71.05.[5] RCW 71.05.020(22) defines "gravely disabled" as

---

[1] The State claims that A.O. did not challenge the trial court's findings of fact so they are true on appeal. But A.O.'s brief directly challenges the finding of fact stating that A.O. was "gravely disabled." And her brief clearly supports that challenge with argument, citations to the record, and legal authority.

[2] In re Det. of LaBelle, 107 Wn.2d 196, 209, 728 P.2d 138 (1986).

[3] LaBelle, 107 Wn.2d at 209.

[4] LaBelle, 107 Wn.2d at 209.

[5] RCW 71.05.150, .240, .280.

a condition in which a person, as a result of a mental disorder, or as a result of the use of alcohol or other psychoactive chemicals: (a) Is in danger of serious physical harm resulting from a failure to provide for his or her essential human needs of health or safety; or (b) manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety.

The commissioner heard testimony from two mental health professionals who examined A.O. and considered their joint declaration supporting their petition. Dr. Dorio and Dr. Morrison's declaration stated that due to continuing symptoms of her diagnosed mental disease or defect, A.O. would be unable to meet her basic health and safety needs. Dr. Dorio and Dr. Morrison noted that A.O.'s insight into her cognitive deficits appeared grossly impaired and she did not appear able to recognize the impact that her impaired cognition had on her behavior or daily functioning. They stated that A.O. presented with acute symptoms of mental disease or defect, including hygiene problems, inappropriate affect, thought disorganization, confusion, memory impairment, impairments in communication, distraction, and significantly impaired insight and judgment. Further, the declaration noted that if she were to be discharged to the community, that there would be insufficient structure, monitoring, and care to manage her current acute deficits and there is a substantial likelihood of her engaging in irresponsible or neglectful behavior or maltreatment of others in the community.

Also, Dr. Dorio testified that A.O. required a level of care beyond what a layperson or family member could provide. Dr. Dorio testified that A.O. could not take care of her own basic needs of health and safety and a higher level of professional medical care was required for A.O due to her limited ability to function.

This evidence demonstrates that A.O. both manifested severe deterioration in routine functioning and that she was not receiving the care essential for her health and safety. Clear, cogent, and convincing evidence supports the trial court's finding that A.O. was gravely disabled under RCW 71.05. And its findings support the trial court's decision to order up to 90-days' involuntary treatment for A.O.

## Award of Costs

A.O. asks that this court not award costs to the State because the trial court determined that she is indigent. The State concedes this issue. So this court will not award costs to the State.

## CONCLUSION

We affirm the trial court's 90-day involuntary commitment order.

_Leach, J._

WE CONCUR:

-5-